LEGAL MAIL
Provided to
Wakulla CI

APR 1 4 2020

FOR MAILING /W JB

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983**

Jason Baez,

Inmate ID Number: 169800,

_____,

*(Write the full name and inmate ID number of the Plaintiff.)*

**SECOND AMENDED COMPLAINT**

**Jury Trial Demanded**

Case No.: 4:19-CV-601-MW/CAS
*(To be filled in by the Clerk's Office)*

v.

T. Walsingham, Correctional Officer;
J. Evans, Correctional Officer;
T. Simmons, Correctional Officer;
Allender, Correctional Officer (first name unknown);
Daniels, Correctional Officer (first name unknown);
Luis Rodriguez, Medical Doctor;
J. Parker, L.P.N.;
B. Shirah, C.N.A.;

FILED USDC FLND TL
APR 27 '20 PM5:02

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

LEGAL MAIL
Provided to
Wakulla CI

APR 2 4 2020

FOR MAILING /B

1

1.

I. PARTIES TO THIS COMPLAINT

   A. Plaintiff

      Plaintiff's Name: Jason Baez   ID Number: 169800

      List all other names by which you have been known: Jason Flores

      Current Institution: Wakulla Correctional Institution

      Address: 110 Melaleuca Drive

      Crawfordville, Fl 32327

   B. Defendant(s):

      State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for every Defendant:

      1. Defendant's Name: T. Walsingham

         Official Position: Correctional Officer

         Employed at: Santa Rosa Correctional Institution/Annex

         Mailing Address: 5850 E. Milton Road

         Milton, FL 32583

         ☒ Sued in Individual capacity

2. Defendants Name: J. Evans
   Official Position: Lieutenant
   Employed at: Santa Rosa Correctional Institution/Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

   ☒ Sued in Individual capacity

3. Defendants Name: T. Simmons
   Official Position: Correctional Officer
   Employed at: Santa Rosa Correctional Institution/Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

   ☒ sued in Individual capacity

4. Defendants Name: Allender (first name unknown)
   Official Position: Correctional Officer
   Employed at: Santa Rosa Correctional Institution/Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

   ☒ sued in Individual capacity

5. Defendants Name: Daniels (first name unknown)
   Official Position: Correctional Officer
   Employed at: Santa Rosa Correctional Institution / Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

☒ Sued in Individual capacity

6. Defendants Name: Luis Rodriguez
   Official Position: Medical Doctor
   Employed at: Santa Rosa Correctional Institution / Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

☒ Sued in Individual capacity

7. Defendants Name: J. Parker
   Official Position: L.P.N. (Nurse)
   Employed at: Santa Rosa Correctional Institution / Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

☒ Sued in Individual capacity

8. Defendants Name: B. Shirah
   Official Position: C.N.A. (Nurse)
   Employed at: Santa Rosa Correctional Institution / Annex
   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

☑ sued in individual capacity

II). <u>Basis for Jurisdiction</u>

Plaintiff brings suit against state official under 42 U.S.C. 1983.

III). <u>Prisoner Status</u>

Plaintiff is a convicted state prisoner.

IV). <u>Statement of Facts</u>

1). For many years, Plaintiff has been an inmate in the Fla. Dept. of Corrections (F.D.O.C.).

2). Since at least 6-27-19, Defendants Walsingham, Simmons, Daniels, Allender and Evans have been correctional officers at Santa Rosa Correctional Institution (S.R.C.I).

3). Since atleast 6-27-19, Defendants, Parker and Shyra have been employed as licensed nurses at S.R.C.I.

4). Since atleast 6-27-19, Defendant, Rodriguez has been employed as a medical doctor at S.R.C.I.

5). On 6-27-19, Plaintiff was housed in Q-Dormitory at S.R.C.I. Annex. Q-Dormitory is an inpatient mental health unit at S.R.C.I. Annex.

5.

6) Since at least 2016, there has been widespread physical abuse of inmates by correctional officers in mental health units at SRCI Annex.

7) On 6-27-19, between 8:00 am and 10:00 am, Evans, Walsingham, Simmons, Allender, and Daniels escorted Plaintiff into the Q-Dorm medical room. Plaintiff was cuffed behind his back. Plaintiff's feet were shackled together.

8) Evans, Walsingham, Simmons, Allender, and Daniels then maliciously and sadistically, without need or provocation, used unnecessary and excessive force on Plaintiff inside the medical room, (which) is outside the view of the surveillance cameras). Specifically, Walsingham maliciously punched Plaintiff in his face twice. Simmons and Allender then maliciously slammed Plaintiff into the concrete floor head first. Walsingham, Simmons, Allender, Daniels and/or Evans then maliciously kicked & punched Plaintiff in his ribs, back, testiscles, head, face, stomach, and upper body multiple times. Simmons, Walsingham, Allender, Daniels, and/or Evans then maliciously choked plaintiff. Someone then held Plaintiff's face in place while Walsingham struck him in the right eye with a walkie-talkie radio twice.

9) As a result of Walsingham, Simmons, Allender, Daniels, and Evans unnecessary and excessive force on 6-27-19, Plaintiff suffered and continues to suffer physical and mental injuries, including (i). damage to right eye resulting in permanent and complete blindness in right eye; (ii). damage to left eye resulting in partial blindness in left eye; (iii). severe internal bruising to head, face, ribs, sternum, stomach, and upper body; (iv). loss of conciousness multiple times; (v) possible concussion; (vi). four loose teeth resulting in one toothe extraction; (vii). internal injury to nose resulting in constant bleeding for days; (viii). abrasions on face, head,

**Statement of Facts Continued** *(Page 7 of 15 )*

back, testicles, and upper body; (ix). Contusions on face; (x). internal bleeding in right eyesocket for 3½ days; (xi). internal bleeding and injury and more than minimal pain in penis, testicles, ribs, sternum, back, head, stomach, face, and upper body; (xii). Swollen face, head, and testicles; (xiii). severe depression, severe anxiety, great mental distress; and (xiv). post Traumatic Stress Disorder.

10). Defendants Parker and Shyra were initially in the medical room and they witnessed Walsingham punch Plaintiff in the face, and witnessed Simmons and Allender slam Plaintiff. However, Parker and Shyra exited the medical room by running out and failed to intervene to stop Walsingham, Simmons, Allender, Daniels and/or Evans from continuing to use unnecessary and excessive force on Plaintiff. Specifically, Parker & Shyra maliciously failed to report the unnecessary & excessive force to anyone, (which allowed the unnecessary and excessive force to continue).

11). On 6-27-19, Defendant Rodriguez (a medical doctor)

examined Plaintiffs' injured eyes on two occassions after the unnecessary and excessive force.

12). It was obvious to Doctor Rodriguez that Plaintiff's injured eyes required emergency medical treatment in a hospital especially since Dr. Rodiguez could not stop the bleeding in Plaintiff's right eye socket.

13). Doctor Rodriguez clinically determined that Plaintiffs' injured injured eyes required emergency medical treatment in a hospital.

14). Doctor Rodriguez was aware that Plaintiff was at a substantial risk of suffering loss of vision or partial loss of vision without emergency medical treatment for his injured eyes in a hospital.

15). On 6-27-19 and 6-28-19, Doctor Rodriguez maliciously, and with deliberate indifferance, failed and refused to advise prison officials that Plaintiff's injured eyes required emergency medical treatment in a hospital; failed and refused to take any action to have Plaintiff taken to a hospital for emergency medical treatment for his injured eyes, and failed and refused to take any action to provide emergency medical treatment for Plaintiffs injured eyes. As a result, Plaintiff became completely blind in his right eye and partially blind in his left eye.

16) On 8-13-19, at around 9:00 am through 9:30 am Walsingham

8.

was escorting Plaintiff in Q-Dorm at SRCI Annex. Walsingham then maliciously and sadistically, without need or provocation, used unnecessary and excessive force on Plaintiff. Specifically, Walsingham maliciously and violently struck Plaintiff in Plaintiff's rib cage. As a result, Plaintiff suffered severely bruised ribs and severe pain in his ribs for an extended period of time. Plaintiff's hands and feet were restrained during the unnecessary and excessive force.

**V). Statement of Claims**

17). On 6-27-19, Walsingham, Simmons, Evans, Allender, and Daniels violated the Eighth Amendment of the U.S. Constitution when they used unnecessary and excessive force on Plaintiff.

18). On 6-27-19, Parker and Shyra violated the Eighth Amendment of the U.S. Constitution when they were deliberately indifferent to the substantial risk of serious physical and mental injury to Plaintiff from the ongoing use of unnecessary and excessive force by Walsingham, Simmons, Evans, Allender, and Daniels.

19). On 6-27-19 and 6-28-19, doctor Rodriguez violated the Eighth Amendment of the U.S. Constitution when he maliciously, and with deliberate indifference, failed and refused to advise prison officials that Plaintiff's injured eyes required emergency medical treatment in a hospital; failed and refused to take any action to have Plaintiff taken to a hospital for emergency medical treatment for Plaintiff's injured eyes; and when he was deliberately indifferent to the substantial risk of Plaintiff suffering blindness from from not receiving emergency medical treatment for his injured eyes.

9.

20). On 8-13-19, Walsingham violated the Eighth Amendment of the U.S. Constitution when he used unecessary and excessive force on Plaintiff.

## VI). Requested Relief

Wherefore, Plaintiff respectfully requests:

A). A Preliminary and Permanent injunction requiring Defendants (collectively or individually) to make arrangements to have Plaintiff's blindness restored by medical treatment that is not provided to prisoners, (since Defendants caused the blindness)

B). Award $ 5,000,000 in compensatory damages against all Defendants collectively to compensate Plaintiffs' injuries.

C). Award $ 3,000,000 in punitive damages against all Defendants collectively to punish Defendants for their egregious and malicious misconduct, and for their reckless disregard for Plaintiff's federally protected rights; and to deter Defendants and others like them from committing similar misconduct in the future.

D). Award $ 2,000,000 in economic damages against all Defendants collectively to compensate Plaintiff's inability to earn money after incarceration due to his blindness.

E). Award costs, attorney fees, and any other relief Plaintiff is entitled to.

# VII). Prior Litigation

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES  ☒ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: ___n/a___   Case #: ___n/a___
   Court: ___n/a___

2. Date: ___n/a___   Case #: ___n/a___
   Court: ___n/a___

3. Date: ___n/a___   Case #: ___n/a___
   Court: ___n/a___

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case? No, not dealing with my allegations in this lawsuit.

☐ YES  ☒ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: ___n/a___   Parties: ___n/a___

    Court: __n/a__ Judge: __n/a__

    Date Filed: __n/a__ Dismissal Date *(if not pending)*: __n/a__

    Reason: __n/a__

2. Case #: __n/a__ Parties: __n/a__

    Court: __n/a__ Judge: __n/a__

    Date Filed: __n/a__ Dismissal Date *(if not pending)*: __n/a__

    Reason: __n/a__

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☒ YES    ☐ NO

If you answered yes, identify all lawsuits: __I cannot because I'm losing my memory. I only recall the following__

1. Case #: __don't recall__ Parties: __don't recall__

    Court: __New York__ Judge: __don't recall__

    Date Filed: __don't recall__ Dismissal Date *(if not pending)*: __I think 2006__

    Reason: __Settled__

2. Case #: __3:11-cv-418-TJC__ Parties: __Jason Baez V. Aaron Nace, Larry Jackson, and Jeffery Lindsey__

    Court: __M.D. of Fla.__ Judge: __Timothy Corrigan__

    Date Filed: __5-2-11__ Dismissal Date *(if not pending)*: __8-20-12__

    Reason: __Settled__

3. Case #: __3:15-cv-1108-BJD__ Parties: __Jason Baez V. Richter, Coates, Davis, and Stratton__

Court: __M.D. Fla__   Judge: __Brian Davis__

Date Filed: __9-11-15__   Dismissal Date *(if not pending)*: __7-7-17__

Reason: __Settled__

4. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____

6. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____

(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**) Again, these are all prior cases I recall filing. I'm unsure whether I filed other cases in the past.

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 4-1-20   Plaintiff's Signature: _Jason Baez_

Printed Name of Plaintiff: __Jason Baez # 169800__

Correctional Institution: __Wakulla Correctional Institution__

Address: __110 Melaleuca Drive__
__Crawfordville, Fla. 32327__

I certify and declare, under penalty of perjury, that this complaint was ⊠ delivered to prison officials for mailing or ~~deposited in~~

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

14.

the prison's mail system for mailing on the **14th** day of **April**, 20 **20**.


Signature of Incarcerated Plaintiff: *Jason Bay*

JASON BAEZ #[illegible]
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, FL 32327

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

CHECKED APR 27 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
111 NORTH ADAMS ST. # 322
TALLAHASSEE, FLORIDA
32301-7717

LEGAL MAIL

LEGAL MAIL



LEGAL MAIL

LEGAL MAIL